# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MONICA LYNN NELSON,**

    Plaintiff,

v.                                                           Case No. 21-CV-213

**FEDERAL BUREAU OF INVESTIGATION,**

    Defendant.

### REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

Monica L. Nelson filed this action without the assistance of counsel on February 18, 2021. That same day, she consented to magistrate judge jurisdiction. ECF No. 3. Now, Nelson has requested a waiver of the filing fee. ECF No. 4. Although Nelson appears unable to afford the filing fee, I will recommend dismissal of her action because it fails to state a plausible claim and qualifies as frivolous.

### SCREENING UNDER 28 U.S.C. § 1915

Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

**I.**     **Ability to pay - § 1915(a)**

Nelson incurs roughly $1,781.85 in monthly expenses, a figure that represents mortgage, utility, food and grocery, and other miscellaneous payments. ECF No. 4 at 2-3. However, she receives only $1,868.34 per month from Social Security benefits and annuity and pension payments. Based on the above information, I conclude that Nelson is unable to pay the filing fee for commencing this action.

## II. Legal sufficiency - § 1915(e)(2)

The second step of the inquiry requires the court to analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, the court may dismiss an action as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 327).

The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). That is, to survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "In

evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." *DeWalt*, 224 F.3d at 612. Moreover, the court must liberally construe a pro se plaintiff's allegations, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A. **Complaint Allegations**

Liberally construed, Nelson appears to allege that unnamed persons who are known to the FBI, operating in concert with the Central Intelligence Agency, conspired to remove her children from her control; they have also kept Nelson in a "quasi captive situation" from the two children and her family. ECF No. 1 at 2. According to Nelson (though it remains somewhat unclear) the FBI and CIA have isolated her from her family as a result of her ex-husband's involvement "with some dirty, extreme leftists, gangsters." *Id.* at 6. Her action largely seeks injunctive relief, requesting that the court reunite her family. She also asks that the court order the CIA and FBI to pay all costs associated with her lawsuit as well as all costs "having to do with security, safety, travel, medical, moving, educational, [and] housing."

B. **Applicable law and Analysis**

As noted above, complaints must be dismissed at the screening stage when they fail to state a claim, as well as when they qualify as frivolous or "implausible and fantastical." *Suess v. C.I.A.*, No. 4:13-CV-51-TLS, 2013 WL 3873179, at *2 (N.D. Ind. July 24, 2013) (screening order dismissing action alleging CIA conspiracy); *see also Miller v. John Doe*, No. 05-C-185, 2005 WL 1308408, at *6 (E.D. Wis. May 31, 2005) (screening action, finding "plaintiff's allegations that he is unlawfully incarcerated due to a conspiracy implicating federal judges, past and former presidents, a senator, and various other individuals, are fantastic and

delusional.") This complaint fails to state a claim and qualifies as frivolous. In short, the complaint advances broad allegations that the FBI, or people known to the FBI, are actively isolating the plaintiff from her family based on a forty-five-year conspiracy to surveil her and her ex-husband, who she believes was secretly employed by the CIA (despite working for a local manufacturing company). The complaint alleges that the conspiracy is motivated in part by "radical left and right wing gay activists in place within the intelligence community." *Id.* at 7. The conspiracy also stems from the plaintiff's interactions with the FBI during her divorce proceedings in 2001, although she further alleges that she and her family have been surveilled with hidden cameras since 1975. Even liberally construed, the complaint fails to assert a cognizable violation of law for which Nelson may obtain injunctive relief or receive monetary damages. It also counts as frivolous, as the allegations lack an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). For both of these reasons, the complaint should be dismissed with prejudice. *See Georgakis v. Ill. State Univ.,* 722 F.3d 1075, 1078 (7th Cir. 2013) (a suit that is frivolous "can justifiably be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought—anywhere").

## CONCLUSION

Having determined that the complaint fails to state a claim and is frivolous, I recommend that the district judge dismiss this action. The case shall be randomly assigned to a district judge for consideration of this recommendation.

It is further ordered that Plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, ECF No. 4, is **GRANTED**, meaning that the filing fee is waived.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this 17th day of March, 2021.

_____
STEPHEN C. DRIES
United States Magistrate Judge