# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MONICA LYNN NELSON,

    Plaintiff,

v.

FBI NEW YORK OFFICE,

    Defendant.

Case No. 21-CV-213-JPS

**ORDER**

On February 18, 2021, Plaintiff filed a complaint pro se and, thereafter, filed a motion for leave to proceed *in forma pauperis* (i.e., without prepaying the $402.00 filing fee). (Docket #1, #4). Magistrate Judge Stephen C. Dries reviewed Plaintiff's motion to proceed *in forma pauperis*. *See* 28 U.S.C § 1915(a). On March 17, 2021, Magistrate Dries granted Plaintiff's motion to proceed *in forma pauperis*. (Docket #6 at 2, 4).

Pursuant to § 1915(e)(2), Magistrate Dries proceeded to screen Plaintiff's complaint. According to Magistrate Dries, the apparent crux of Plaintiff's complaint is that unnamed persons known to both the Federal Bureau of Investigation and the Central Intelligence Agency conspired to remove Plaintiff's children from her control and have kept her in a "quasi captive situation" from her children and family. (*See id.* at 3)(citing Docket #1 at 2). The magistrate determined that Plaintiff's allegations were frivolous and that she failed to state a claim for relief. (Docket #6 at 2–4). Ultimately, Magistrate Dries recommended that the Court dismiss this action. (*Id.* at 4).

Magistrate Dries informed Plaintiff that, pursuant to both 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(2), she had fourteen

days from the date of service of his recommendation to file written objections to the same. (*Id.* at 5). He cautioned Plaintiff that her "[f]ailure to file a timely objection with the district court shall result in a waiver of [her] right to appeal." (*Id.*) On April 26, 2021, the Court received Plaintiff's motion to extend time to object. (Docket #7). In her motion, Plaintiff incorrectly claims that she had until April 17, 2021 "to decide whether to appeal[,]" but that "[f]or a number of reasons [her] decision was delayed." (*Id.*) Plaintiff requests to have until April 30, 2021 to submit her objections to the magistrate's decision. (*Id.*)

On April 30, 2021, Plaintiff submitted a notice of appeal to the Seventh Circuit Court of Appeals, a docketing statement, and a motion to proceed *in forma pauperis* on appeal. (Docket #8, #9, #10). Upon reading Plaintiff's docketing statement, it is clear that Plaintiff intends to appeal Magistrate Dries's March 17, 2021 order in which he recommends dismissal of her case. (Docket #9). Plaintiff attempts to explain her objections to Magistrate Dries's recommendation via four pages appended to her notice of appeal. (Docket #8 at 2–5). It is against this procedural backdrop that the Court addresses Plaintiff's motion for an extension and the magistrate's recommendation.

"When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A court's determination regarding whether a party's neglect is considered excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Such relevant circumstances include the "danger of prejudice [to the movant],

the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

As discussed, *supra*, Magistrate Dries gave Plaintiff clear instructions that she must file her objections, if any, within fourteen days from the date of service of his recommendation. (Docket #6 at 5). However, Plaintiff failed to meet that deadline, as she mistakenly believed that she had until April 17, 2021 to file her objections. (Docket #7 at 1). Moreover, Plaintiff's motion is void of any relevant circumstances that caused her to miss the later, mistaken deadline. Instead, Plaintiff generally claims that a "number of reasons" delayed her decision to file her objections. (*Id.*) Based on the foregoing, the Court finds that Plaintiff has not demonstrated excusable neglect and, therefore, denies her request to extend the time to object. There being no properly filed objections to Magistrate Dries's recommendation, and because the Court agrees with his recommendation that Plaintiff fails to state a claim for which relief can be granted, the Court will adopt it and will dismiss this action.

However, *even if* the Court accepted Plaintiff's untimely objections, such objections do not save Plaintiff's complaint from dismissal. Although unclear, it appears that Plaintiff argues that Magistrate Dries did not construe her complaint liberally, nor take all of Plaintiff's factual allegations as true, failing to draw all reasonable inferences in her favor. (Docket #8 at 4–5). She argues that he was "compelled to assume" that her argument has merit and, as such, warranted a hearing before the Court. (*Id.* at 5).

Plaintiff fails to recognize her obligation as a litigant to plead sufficient factual matter that, accepted as true, "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). Plaintiff "must do better than put[] a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). In other words, Plaintiff is not owed the hearing that she seeks merely because she has filed a complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time (Docket #7) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries's report and recommendation (Docket #6) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge